UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robbie Wayne Peterson,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Margaret Stephens; Sheriff Steve Mueller, )<br>  )<br>    Defendants.  )<br>_____  ) | C/A No.: 0:12-cv-01366-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Paige J. Gossett's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on March 7, 2013. Plaintiff Robbie Wayne Peterson ("Plaintiff"), a South Carolina Department of Corrections ("SCDC") inmate proceeding *pro se*, filed this action on or around May 22, 2012, pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. Defendants Margaret Lewis and Sheriff Steve Mueller ("Defendants") moved for summary judgment on October 29, 2012.[2] ECF No. 27. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the Magistrate Judge on October 30, 2012. ECF No. 28. Plaintiff filed his response in opposition to the Defendants' motion for summary judgment on or around December 20,

---

[1] Prisoner pleadings are deemed filed at the time that they are delivered to prison authorities for mailing to the Court's clerk office. *Houston v. Lack*, 493 U.S. 920 (1989).

[2] According to Defendants, Cherokee County Detention Center does not employ a "Margaret Stephens" and Plaintiff is actually referring to an individual named Margaret Lewis. *See* Def.'s Mem. Supp. Summ. J., ECF No. 27-1 at 1; Lewis Aff., ECF No. 27-2.

2012, and the Defendants filed a reply on December 27, 2012. *See* ECF Nos. 36 & 37.

Under established procedure in this judicial district, Magistrate Judge Gossett made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Magistrate Judge Gossett recommends that this Court grant the Defendants' Motion for Summary Judgment. Report & Recommendation, ECF No. 38. Neither party objected to the Report and Recommendation. For the reasons discussed herein, this Court adopts the Report and Recommendation in its entirety, and grants the Defendants' Motion for Summary Judgment.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Furthermore, "[t]he failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Objections were due on March 25, 2013. Both parties received a copy of the Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation." Report & Recommendation, ECF No. 38. The Notice warned the parties that "failure to timely file specific written objections . . . [results] in waiver of the right to appeal from a judgment of the District Court based upon such recommendation." *Id.* Neither the Defendants nor the Plaintiff have filed any objections to the Report and Recommendation.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable

law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

April  4 , 2013
Anderson, South Carolina